UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. JON VITALE | CASE NO. 3:17-cv-00166-RBH |
| *Plaintiff,* | |
| v. | **FILED UNDER SEAL** |
| MIMEDX GROUP, INC., | |
| *Defendant.* | |

## ORDER

The United States having declined to intervene in this action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B), the Court rules as follows:

**IT IS ORDERED** that,

1. The Complaint be unsealed and served upon the defendant by the relator;

2. The relator serve this Order and the Government's Notice of Election to Decline Intervention, after service of the Complaint;

3. At this time, all other contents of the Court's file in this action remain under seal and not be made public or served upon the defendant, except for this Order and the Government's Notice of Election to Decline Intervention, which the relator will serve upon the defendant only after service of the complaint.[1]

---

[1] Courts that have directly addressed whether the FCA contemplates the unsealing of all documents filed in a *qui tam* action have held that "by permitting *in camera* submissions, the statute 'necessarily invests the court with authority either to maintain the filings under seal or to make them available to the parties.'" *U.S., ex rel. Rostholder v. Omnicare, Inc.*, 799 F. Supp. 2d 547, 548 (D.Md. 2011)(quoting *United States ex rel. Yannacopolous v. Gen. Dynamics,* 457 F. Supp. 2d 854, 858 (N.D.Ill. 2006)). Further, the court has the discretion, as the case proceeds, to preserve the seal or not, balancing the need for disclosure against the risk of harm. *Aldridge on Behalf of United States v. Cain*, 2018 WL 1162252, at *5 (S.D.Miss., Mar. 4, 2018) (*citing United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994), and *U.S. ex rel. Coughlin v. Int'l Bus. Machines Corp.*, 992 F. Supp. 137, 140–41

4. The seal be lifted as to all other matters occurring in this action after the date of this Order;

5. The parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

6. The parties shall serve all notices of appeal upon the United States;

7. All orders of this Court shall be sent to the United States; and that

8. Should the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, either the relator or the defendant will solicit the written consent of the United States before presenting the matter to this court for its ruling or granting its approval.

**IT IS SO ORDERED.**

August 10, 2018　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

(N.D.N.Y. 1998). When the harm of unsealing outweighs the need for the documents, courts will deny motions to unseal FCA documents. *U.S. v. King Pharmaceuticals, Inc*., 806 F. Supp. 2d 833, 842–43 (D.Md. 2011)(internal citations omitted). Courts have found that it is appropriate to maintain filings under seal where "disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested." *Id. (citing Mikes*, 846 F. Supp. at 23). However, unsealing is appropriate where a document "reveals only routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business ... [and] contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like. *Id.*