UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                  )<br>                           Plaintiff,             )<br>                                                                  )<br>*Ex rel.* JON VITALE                              )<br>                                                                  )<br>                           Relator,             )<br>                                                                  )<br>                  v.                                          )<br>                                                                  )<br>MIMEDX GROUP, INC.                          )<br>                                                                  )<br>                           Defendant.        ) | Civil Action No. 3:17-cv-00166-RBH<br><br><br><br><br>**DEFENDANT'S ANSWERS TO<br>LOCAL RULE 26.01<br>INTERROGATORIES** |

Defendant MiMedx Group, Inc. responds to the Interrogatories set forth in Local Rule 26.01, DSC, as follows:

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER**:  There are no such persons or entities.

(B)     As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER**:  Relator has the right to request a jury trial of his claims.

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER**:  Defendant is a publicly traded corporation that has no parent corporation nor subsidiary, partner or affiliate relationship with another publicly owned company.  Defendant

1

also does not own ten percent or more of the outstanding shares of another publicly owned company. The following publicly-held corporations own more than ten percent of Defendant's stock:

1. BlackRock, Inc., a publicly-traded company, and its non-publicly traded affiliates own more than 10% of Defendant's stock; and

2. State Street Corporation, a publicly-traded company, and its non-publicly traded affiliates own more than 10% of Defendant's stock.

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER**: Relator chose to file this claim in this division.

(E) Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor or if heard by different judges.

**ANSWER**: On May 8, 2018, three Veterans Administration providers were indicted in this District. *See United States v. Becker, et al.*, Case No. 6:18-cr-00481-DCC (Coggins, J.). MiMedx discloses the *Becker* case out of an abundance of caution because two of the indicted providers worked at the Dorn Veterans Affairs Medical Center in Columbia at which

plaintiff Vitale was the MiMedx account representative (*see* Complaint ¶ 60), and the indictment refers to actions of unspecified MiMedx representatives in South Carolina. However, MiMedx does not believe that that case is a related case within the meaning of L.R. 26.01. None of the parties to this case are parties in *Becker*; the cases do not appear to arise from the same or identical transactions, happenings, or events; and MiMedx is aware of no reason that substantial duplication of labor would otherwise result if this matter and *Becker* are heard by different judges.

(F)     If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER**:  Defendant is properly identified.

(G)     If you contend that some other person or entity is, in whole or in part, liable to you or the person asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER**:  At this time, Defendant does not contend that some other entity is liable to it or to Relator.

Respectfully submitted,

/s/ Matthew R. Hubbell
Matthew R. Hubbell
Federal ID# 5484
E-Mail: matt.hubbell@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
P. O. Box 22092 (29413-2092)
Charleston, SC  29401
Telephone: 843.579.5600
Facsimile: 843.579.5601

Kimberly A. Dunne
E-Mail:  kdunne@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone:  213.896.6659
Facsimile:  213.896.6600

*Application for Admission Pro Hac Vice Pending*

ATTORNEYS FOR DEFENDANT
MIMEDX GROUP, INC.

September 6, 2018

Charleston, South Carolina