

**HARPOOTLIAN**
ATTORNEYS AT LAW

RICHARD A. HARPOOTLIAN
RAH@HARPOOTLIANLAW.COM

CHRISTOPHER P. KENNEY
CPK@HARPOOTLIANLAW.COM

PHILLIP D. BARBER
PDB@HARPOOTLIANLAW.COM

JAMIE L. HARPOOTLIAN*
OF COUNSEL
*ADMITTED ONLY IN LOUISIANA

OFFICE
1410 LAUREL STREET
COLUMBIA, SC
29201

MAILING ADDRESS
POST OFFICE BOX 1090
COLUMBIA, SC
29202

DIRECT CONTACT
TELEPHONE (803) 252-4848
FACSIMILE (803) 252-4810
TOLL FREE (866) 706-3997

ONLINE
HARPOOTLIANLAW.COM

August 27, 2019
**VIA ECF Filing and Email**

The Honorable R. Bryan Harwell
Chief U.S. District Judge
401 West Evans Street
Florence, South Carolina 29501
harwell_ecf@scd.uscourts.gov

In re:   Request for discovery conference in <u>United States ex rel. Vitale v. MiMedx Group, Inc.</u>, C.A. No. 3:17-cv-00166-RBH (D.S.C.).

Dear Chief Judge Harwell,

I am writing on behalf of my client, Relator Jon Vitale, to request a discovery conference pursuant to your Honor's instruction that no motions relating to discovery be filed until after the parties have consulted and had a telephone conference with the Court to attempt to resolve the matter informally. <u>See</u> Dkt. No. 85 at ¶ 8.

Yesterday, Relator received objections and responses to his First Set of Interrogatories, First Set of Requests for Production, Second Set of Requests for Production, and Third Set of Request for Production from Defendant MiMedx Group, Inc. MiMedx also produced 621 pages of documents, which based on my preliminary review, appear responsive to a very small subset of Relator's document requests. The responses and objections themselves raise significant issues that warrant the Court's review. Generally, those issues fall into four categories.

First, MiMedx has made extensive use of general objections followed by "specific" boilerplate objections, and others abuses of the discovery rules. In the drug-maker's view, there are few, if any, discovery requests it does not deem irrelevant, unduly burdensome, not proportional, unrelated to the allegations, or vague and ambiguous. To give your Honor just two examples, in response to Request No. 16, seeking all analysis or audits reporting or relating to the impact of MiMedx's financial gifts to PAN Foundation on MiMedx's sales, revenue, or ability to obtain federal reimbursement—i.e., evidence that would speak to the corporation's knowledge and intent on perhaps *the* central issue in the case—MiMedx objects claiming the request is "not proportional to the needs of the case an impos[es] burdens that outweigh any likely benefit, … seek[s] documents that are not relevant to any party's claim or defense[.]" Elsewhere, exceedingly specific requests have drawn claims of vagueness. In response to Request 25, which seeks documents "[a]s referenced on page 25 of MiMedx's Schedule 14A filed with the Securities and Exchange Commission on May 31, 2019," MiMedx objected, in part, that the request was "vague

and ambiguous as it fails to specify with reasonable particularity the documents being requested[.]" Similar claims of vagueness are interposed in response to interrogatories based on the company's purported inability to understand commonly used terms like "authorizing" (Interrogatory No. 8) and "responsible for" (Interrogatory No. 11). The Court will find numerous other examples like these in the Defendant's responses, which I respectfully submit are abusive of the rules.

Second, as indicated in the parties' filed Discovery Plan, Relator believes the number of Interrogatories should be increased from 25 to 50, while MiMedx opposes the request. See Dkt. No. 92 at 2. In what appears to be an effort to exhaust those interrogatories as quickly as possible, MiMedx has misread Interrogatory No. 12 as directed at every instance in its answer where it responded that is "lacks information sufficient to form a conclusion as to the truth or falsity of the allegations…" and then concludes the interrogatory constitutes 65 separate interrogatories. That is not an accurate reading. The purpose of the interrogatory is to discern *the identity* of persons with information that speaks to a paragraph that MiMedx claims it lacks sufficient information to form a conclusion. While perhaps the interrogatory could be better formulated or clarified, MiMedx has taken license to adopt an inaccurate reading that frustrates Relator's ability to obtain answers to subsequent interrogatories and is unwilling to expand the total number beyond the default allowed under the rules.

Third, some of MiMedx's responses to document requests suggest documents will be produced prospectively (see, e.g., Request No. 19) and its "general objections" indicate it intends to provide documents "on a rolling basis" to be "substantially complete within three months." However, MiMedx has not requested, and Relator has not agreed, to a rolling production. Moreover, Relator's First Set of Document Requests were served with the Complaint on August 15, 2018—more than one year ago. In light of the considerable time the corporation has had these requests, it is unclear why additional time is needed to collect and produce documents or why the corporation believes it is acceptable to unilaterally grant itself a three-month extension of time in which to produce those documents.

Fourth, MiMedx interposes claims of privilege throughout its responses, but has failed to provide any log to support those claims.

While there are more granular problems contained within MiMedx's responses, these general categories outline the most significant problems. I do not believe the parties can have any meaningful consultation about the particulars until MiMedx is forced to comply with the minimum obligations imposed by the federal rules. Relator's counsel are willing to negotiate over good-faith disagreements in an attempt to resolve them without your Honor's intervention; we are unwilling to negotiate over whether one side will adhere to the Federal Rules of Civil Procedure. MiMedx's approach invites Relator to negotiate away categories of discoverable information in a vacuum without any specific articulation of precisely what is being held back or why. That is inconsistent with my reading of the rules and precedent applying those rules.

Enclosed are copies of MiMedx's objections and responses to Relator's interrogatories and document requests. The interrogatory responses are being submitted *in camera* as they have been marked "confidential" under the Confidentiality Order. MiMedx's counsel has committed to

revising that designation to limit it to the responses it believes contain confidential information. In the meantime, we are honoring the designation *in toto*.

Please do not hesitate to contact me, Mr. Harpootlian, or Mr. Nettles if we can furnish the Court with any citations in support or other information concerning this matter. We are available for a telephone conference at your Honor's convenience.

With warm personal regards, I am

Sincerely,

Christopher P. Kenney

CPK:hmh
Enclosures (interrogatories submitted *in camera*)
cc:     all counsel of record (via ECF filing)

3