

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

SSTEIN@SIDLEY.COM
+1 312 853 7520

September 3, 2019

**By Email and ECF**

The Honorable Thomas E. Rogers, III
U.S. Magistrate Judge
401 West Evans Street
Florence, SC 29501
rogers_ecf@scd.uscourts.gov

    Re:    <u>U.S. ex rel. Vitale v. MiMedx Group, Inc.</u>, No. 3:17-cv-00166-RBH (D.S.C.)

Dear Judge Rogers:

    On behalf of MiMedx Group, Inc., we submit this response to the August 27, 2019 letter from Relator's counsel (Dkt. 105) and to provide the court with additional relevant information in advance of the September 4, 2019 telephone conference.

**Relator Has Not Satisfied the Letter or Spirit of the Meet and Confer Obligation**

    Relator's request for Court intervention, made the day after MiMedx's discovery responses were served, is premature, as Relator's counsel have failed to make the good faith effort to resolve this dispute required by Local Rule 7.02 and Fed. R. Civ. P. 37(a)(1). Relator's characterization of MiMedx's requests as consisting of blanket objections is clearly inaccurate, as the Court can see from the written responses themselves. Where MiMedx had objections, it stated "with specificity the grounds for objecting to the requests, including the reasons," explained what documents it would produce (or clearly stated that it would not produce certain documents), and explained when production would be made. That is precisely what Rule 34 requires. *See* Fed. R. Civ. P. 34(b)(2)(B).

    By way of example, Request No. 17 seeks production of *all* emails—without regard to subject matter or relevance—between or among *over 532* MiMedx custodians—32 of whom are identified by name, plus every one of more than 500 sales personnel. Dkt. 105-2 at 15-16. MiMedx objected on relevance grounds due to the fact that the request seeks "documents that are

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

unrelated to Plaintiff's allegations regarding MiMedx's interactions with PAN."[1] *Id.* MiMedx also objected that the Request imposed burdens outweighing any likely benefit because it requested all emails from more than 532 MiMedx employees, and collecting, reviewing, and producing such documents would impose significant burdens and costs. *Id.* MiMedx further stated it would meet and confer with Relator to attempt to reach mutual agreement regarding custodians and search terms to be applied.

Relator's counsel contacted counsel for MiMedx by phone on August 27, 2019, the day after the discovery responses at issue were served, and requested that MiMedx agree to withdraw or amend <u>all</u> of its objections regarding relevance or burden. We declined that request, but stated we were fully prepared to discuss the specific requests and objections in order to determine whether there was, in fact, any area of practical disagreement and, if so, whether those disagreements could be narrowed or resolved. However, counsel for Relator stated that he was unwilling to engage in such discussions as to any request, including Request No. 17 described above, and submitted his letter to the Court later that day. It is therefore ironic that Relator asserts "examples" of concerns with specific discovery requests in his letter, as Relator's counsel never raised those concerns in the brief call prior to the submission of their letter—and expressly refused to engage in any such specific discussions. Relator's counsel's refusal to identify, let alone meaningfully confer regarding, the (unidentified) specific requests at issue fails to comply with the letter and spirit of the meet and confer requirement. *See, e.g.*, *Cardoza v. Boomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145-46 (D. Nev. 2015) ("truncated discussion during the meet-and-confer process was insufficient to meet the counsel's obligations to engage in a meaningful discussion as to each discovery dispute with the same specificity and support during that process as they would in briefing a subsequent motion"); *Gann v. North-Central Ala. Reg'l Council of Gov'ts*, 2013 WL 6190799, at *5 (N.D. Ala. Nov. 26, 2013) ( "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention"). Rather than burden the Court with a dispute that Relator has not even meaningfully attempted to resolve through good faith negotiation, the Court should direct Relator to meet and confer with MiMedx, in good faith, as to each response that Relator believes is problematic in advance of any telephone conference with the Court.

---

[1] "PAN" refers to the Patient Access Network Foundation, a charitable organization that provides financial assistance to qualifying patients. "[T]he only theory [Relator] has ever sought to proceed under" in this action is the allegation that MiMedx engaged in a "scheme to manipulate the submission of [PAN] application grants and coordinate charitable giving that ensured those funds maximized the prospect of federal reimbursement." Dkt. 66 at 20.

# SIDLEY

### Relator's Criticisms of MiMedx's Responses Are Unfounded

Relator identifies four complaints regarding MiMedx's discovery responses. Each is without merit.

*"Boilerplate" objections*

First, Relator asserts that MiMedx made "extensive use of general objections followed by 'specific' boilerplate objections." Dkt. 105 at 1. To the contrary, MiMedx made a limited number of general objections that addressed matters that were applicable to the responses as a whole, such as Relator's instructions regarding the format of production (General Objection 2), a definition in Relator's requests (General Objection 3), Relator's proposed time period for identifying responsive documents (General Objection 4), and the time for completion of MiMedx's production (General Objection 6). Dkt. 105-2 at 1-2. Then, in response to each request, MiMedx set forth specific objections with an explanation of the reason for the objection, as required by Fed. R. Civ. P. 34(b)(2)(B).

*Specific Requests*

Although Relator never raised the issue in the brief call preceding the filing of his letter, Relator's letter complains about MiMedx's response to Request No. 16, which Relator characterizes as seeking "all analysis or audits reporting or relating to the impact of MiMedx's financial gifts to PAN Foundation on MiMedx's sales, revenue, or ability to obtain federal reimbursement." Dkt. 105 at 1. In fact, Request No. 16 seeks "All analysis or audit reporting or relating to the impact of MiMedx's financial gifts to PAN Foundation *or any other patient assistance program* on MiMedx's sales, revenue, or ability to obtain federal reimbursement for its products." Dkt. 105-2 at 13-14 (emphasis added). In its objection, MiMedx explained that this Request seeks documents that are not relevant because "it seeks documents that are unrelated to Plaintiff's allegations regarding MiMedx's interactions with PAN." *Id.* MiMedx then made clear that it was willing to produce "non-privileged documents responsive to this Request that relate to PAN" using an agreed-upon search methodology. Thus, MiMedx's response clearly sets forth the basis for MiMedx's objection and the documents MiMedx agreed to produce. If Relator believes there is some basis to require MiMedx to search for and produce documents responsive to this request that do not relate to PAN, the proper course is to meet and confer regarding that issue. MiMedx was (and remains) willing to do so.

Relator also challenges certain of MiMedx's objections that Relator's requests are vague or ambiguous. In each instance, MiMedx identified the portion of the request that it found to be vague. For example, in Request No. 25, Relator seeks "all referenced financial, customer and other data" referenced on page 25 of MiMedx's Schedule 14A filed with the Securities and

# SIDLEY

Page 4

Exchange Commission on May 31, 2019.[2] Dkt. 105-3 at 5.  However, as explained in MiMedx's objection, that page of the Schedule 14A does not reference any specific "financial, customer, or other data."[3]  Thus, MiMedx is unsure of exactly what data Relator is seeking.  If Relator's counsel believes the Request (or others to which MiMedx objected) is clear, they could explain why in a meet and confer conference, and counsel for MiMedx could further expound on the basis for MiMedx's objection in an effort to clarify any ambiguity.  But again, Relator's counsel refused to participate in such a conference.

Relator also accuses MiMedx of misreading Interrogatory No. 12.  In full, the Interrogatory states, "Without revealing the information in question, identify the name, date, author, and all recipients of the results of any internal investigation that complied [sic] information that relates to *any paragraph* in the Complaint to which MiMedx answered it "lacks information sufficient to form a conclusion as to the truth or falsity of the allegations." Dkt 105-1 at 12 (filed *in camera*) (emphasis added).  On its face, this Interrogatory seeks factual information regarding each of the 65 paragraphs of the Complaint to which MiMedx responded that it lacks sufficient information to admit or deny the allegations.  Cases in this district and others have repeatedly held that such an interrogatory constitutes multiple interrogatories.  *See Rawl v. South Carolina Dep't of Social Svcs.*, No. 14-cv-02772, 2015 WL 6725169, at *2-3 (D.S.C. Nov. 3, 2015) (finding an interrogatory asking for the factual and legal basis for denials in multiple requests for admission constituted separate interrogatories); *see also Nguyen v. Lowe's Home Ctrs., LLC*, No. 15-cv-1085, 2015 WL 12672153, at *4 (S.D. Cal. Nov. 19, 2015) ("an interrogatory that seeks facts related to declining to admit allegations in a complaint or an answer" "usually should be construed as containing a subpart for each request . . . contained in the set"); *Williams v. Serra Chevrolet Automotive, LLC*, No. 12-11756, 2013 WL 5447878, at *1-2 (E.D. Mich. Sept. 30, 2013) (finding an interrogatory asking for information regarding multiple paragraphs of a complaint constituted multiple interrogatories).  Rather than address the authority MiMedx cited in its objection, Relator contends that MiMedx misread the Interrogatory, which he claims was intended to "discern *the identity* of persons with information that speaks to a paragraph that MiMedx claims it lacks sufficient information to form a conclusion."  Dkt. 105 at 2.  But even that would still constitute 65 separate interrogatories, as each of the 65 paragraphs at issue address different subject matters, and different persons are likely to have information with respect to each paragraph.  Thus, Relator's "clarification" of the Interrogatory does not remedy the defect noted in MiMedx's objection.

---

[2] A copy of the referenced page of the 14A is attached as Ex. A.
[3] MiMedx also objected to this request as irrelevant, as the request seeks information relating to an investigation with no relevance to Relator's claims in this case.

# SIDLEY

Page 5

*Timing of Production*

Third, Relator objects to MiMedx's proposal to produce certain documents on a rolling basis over the next three months. MiMedx did produce documents responsive to a number of requests when the responses were submitted. But a complete production was not possible on that date because identifying documents responsive to the remaining requests requires agreement on the universe of custodians and search terms that will be used to identify responsive documents. MiMedx's statement that it would complete its document production within three months—which assumed that Relator's counsel would be willing to promptly meet and confer regarding custodians and search terms—was consistent with Fed. R. Civ. P. 34(B)(2)(b), which provides that a party's "production must be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*." The Advisory Committee Notes to Rule 34 similarly contemplate that it may be "necessary to make the production in stages," requiring only that, if so, the response specify the beginning and end dates of the production, as MiMedx did.

MiMedx's proposal to complete its production within three months is reasonable, given that MiMedx currently expects that it will be required to review (at least) tens of thousands of documents to identify documents responsive to the requests, and the parties have proposed a discovery period that extends until July 2020. *See* Dkt. 92-1 at 2. Relator suggests that MiMedx should be able to complete its production sooner because he served his first requests for production with the Complaint in August 2018. However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by . . . court order." Fed. R. Civ. P. 26(d). The Court entered an order stating that discovery could commence on June 28, 2019. Dkt. 85. MiMedx was under no obligation to incur the burden and expense of document collection and review in response to Relator's premature discovery requests, particularly while MiMedx's motion to dismiss this case in its entirety was pending. MiMedx stands willing and ready to engage with Relator's counsel regarding custodians and search terms.

*Privilege log*

Finally, Relator notes that MiMedx has asserted various privilege objections, but has not provided a log to support its claims. MiMedx asserted privilege objections where it anticipates that responsive documents likely to be identified through MiMedx's email review will include privileged materials. Once those documents are identified, they will be logged.

\*    \*    \*

In sum, MiMedx believes that its discovery responses complied fully with the requirements of the Federal Rules of Civil Procedure for the reasons set forth above, and that Relator's request for Court intervention is premature as Relator's counsel has made no good faith

**SIDLEY**

Page 6

effort to identify and work through any disputes regarding particular requests.  MiMedx stands ready to do so.

        Best regards,

        *s/ Scott D. Stein*
        Scott D. Stein (*admitted pro hac vice*)
        E-Mail: sstein@sidley.com
        Joseph R. Dosch (*admitted pro hac vice*)
        E-Mail: jdosch@sidley.com
        SIDLEY AUSTIN LLP
        One South Dearborn
        Chicago, IL 60603
        Telephone: 312.853.7000
        Facsimile: 312.853.7036

        *s/ E. Bart Daniel*
        E. Bart Daniel (Fed. Bar #403)
        NELSON MULLINS RILEY &
        SCARBOROUGH LLP
        151 Meeting Street, Suite 600
        Charleston, SC 29401
        Telephone: 843.534.4123
        Facsimile: 843.722.8700
        E-Mail: bart.daniel@nelsonmullins.com

        *ATTORNEYS FOR DEFENDANT MIMEDX GROUP, INC.*

cc: Counsel of record (via ECF)